# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | CV F  05-1506 AWI DLB HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT |
| v. | [Doc. 14] |
| J. WOODFORD, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 23, 2005, this action was transferred to this Court from the United States District Court for the Central District of California.  By order of January 30, 2006, the Court directed Petitioner to submit an in forma pauperis application.  On March 7, 2006, the Court granted Petitioner an extension of time to submit the application.  Petitioner failed to comply with the Court's order.  Therefore, on May 1, 2006, the Court issued Findings and Recommendations recommending that the action be dismissed for Petitioner's failure to comply with the Court's order.  Petitioner did not file objections or otherwise respond to the Recommendation.  On July 31, 2006, the Findings and Recommendations were adopted in full, and judgment was entered on that date.

Now pending before the Court is Petitioner's motion to vacate judgment, filed August 21, 2006. (Court Doc. 14.)  Petitioner also filed a motion to proceed in forma pauperis.  (Court Doc.

15.)

In his motion to vacate, Petitioner contends that he "was intentionally delayed and denied in sending In Forma Pauperis Form and Prison officials Failure to send $90.00 check on 4/11/06." (Motion, at 1.) Petitioner contends that prison officials withheld the ledgersheet for four and a half months. (Id.) Attached to his motion to proceed in forma pauperis, Petitioner attaches a copy of his trust account statement activity. (Court Doc. 15.) Petitioner circles a cash withdrawal on April 11, 2006 for $90.00. (Court Doc. 15.)

The Court has reviewed Petitioner's motion to vacate and motion to proceed in forma pauperis and finds that there is insufficient evidence to vacate the judgment. Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Court may grant relief from judgment on the following grounds:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner has not demonstrated that relief from judgment is warranted. First, Petitioner never filed objections to the Findings and Recommendations raising the claim that prison officials had failed to send the $90.00 check, withdrawn from his account on April 11, 2006. Petitioner waited until after the Findings and Recommendations were issued and adopted, and judgment was entered, to raise the claim for the first time. Petitioner offers no reason for such delay in failing to raise this claim, that he was obviously well aware of after the Court issued the Findings and Recommendations on May 1, 2006. Although Petitioner contends that prison officials withheld the ledger sheet for four and a half months, he was certainly free to raise his claims without such sheet prior to prison officials release of it. Second, Petitioner submits only a copy of his inmate trust account statement, which reflects that there was a cash withdrawal on

1  April 11, 2006, for $90.00, however, the statement gives no indication what the withdrawal of
2  the funds were for or to whom the funds were to be sent.  Thus, the Court finds that Petitioner's
3  motion and evidence fail to demonstrate that relief under Rule 60(b) is warranted, and
4  Petitioner's motion is therefore DENIED.   All other pending motions are denied as moot.

6  IT IS SO ORDERED.

7  **Dated:**   **September 16, 2006**                 /s/ Anthony W. Ishii
   0m8i78                                              UNITED STATES DISTRICT JUDGE