UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODERICK WASHINGTON, | ) | 1:05-CV-1506 AWI DLB HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION TO RE-OPEN |
| | ) | OR VACATE |
| v. | ) | |
| | ) | ORDER DECLINING TO ISSUE |
| A.K. SCRIBNER, | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| Respondent. | ) | (Documents #17 & #19) |
| _____ | ) | |

Petitioner is a state prisoner who had filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 1, 2006, the Magistrate Judge issued Findings and Recommendations that recommended the court dismiss this action for Plaintiff's failure to prosecute. Petitioner did not file objections, and on July 31, 2006, the court adopted the Findings and Recommendations and dismissed the petition. On August 21 2006, Petitioner field a motion to vacate. On September 18, 2006, the court denied this motion. The court found that Petitioner had failed to show why he did not inform the court earlier about his problems in paying the filing fee. On September 7, 2007, Petitioner filed a second motion to reopen this action. On December 5, 2007, Petitioner field a notice of appeal.

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). "A party seeking reconsideration must show more than a

disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  Pursuant to Rule 59(e), any motion to alter or amend judgment shall be filed no later than ten days after entry of judgment.   Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001);  School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).   This showing is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001).    Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:   "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

     The basis of Petitioner's motion to re-open and vacate judgment is the same as that raised in August 21, 2006 motion for reconsideration.   Petitioner again contends that prison officials refused to send the court the filing fee in this action.   As previously expressed, the problem with Petitioner's argument is that Petitioner never claimed before this action was dismissed that prison officials were refusing to send the filing fee.    Petitioner's complaints were reviewed and rejected by the court in September 2006.   The new motion to vacate offers no new argument or evidence.

     Petitioner also seeks to appeal this action.  A state prisoner seeking a writ of habeas corpus

has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).  The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds, as the court did in this action, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).

In the present case, the court finds that reasonable jurists would not disagree with this court's decision to not re-open this case and vacate judgement.   Given Petitioner's evidence could have been provided to the court earlier and the new motion for reconsideration offers nothing new,, reasonable jurists would have declined to reopen this case.

Accordingly, the court ORDERS that:

1. Petitioner's motion to reopen is DENIED; and
2. Petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

**Dated:   February 15, 2008**              /s/ Anthony W. Ishii
                                              UNITED STATES DISTRICT JUDGE